Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2013, 9:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GREGORY GARRETT,                    )
                                    )
    Appellant-Defendant,            )
                                    )
        vs.                         )        No.  49A02-1208-CR-666
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.             )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebekah Pierson-Treacy, Judge
Cause No. 49F19-1205-CM-30199

**April 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Gregory Garrett ("Garrett") appeals his conviction for Class A misdemeanor battery.[1]

We affirm.

## ISSUE

Whether sufficient evidence supports Garrett's conviction.

## FACTS

Garrett was an inmate at the Duvall Residential Center ("Duvall"), a community corrections facility in Indianapolis, Indiana. On May 6, 2012, Garrett returned to the facility from a scheduled leave. When Garrett returned to Duvall, facility guards attempted to perform a search of his belongings. Mark Callahan ("Callahan"), a guard at Duvall, escorted Garrett to a holding room to perform the search. During the search, Callahan attempted to look inside a sandwich bag; the sandwich appeared to have something in it. When Garrett would not let Callahan search the bag, other officers were called for assistance; Garrett fled the room. Callahan attempted to block Garrett's path, but Garrett pushed Callahan against the door frame and ran down a hallway. Callahan caught up with Garrett and wrapped his arms around Garrett's waist. Garrett continued to resist, dragging Callahan into another door frame. Garrett finally stopped and other officers arrived to assist. The facility's security cameras recorded the incident. A deputy reviewed the footage and arrested Garrett for battery.

---

[1] Ind. Code § 35-42-2-1.

On May 7, 2012, the State charged Garrett with battery, a Class A misdemeanor. On July 23, 2012, a bench trial was held, and Garrett was found guilty of Class A misdemeanor battery. The trial court sentenced Garrett to one hundred fifty-eight days (158) executed in the Marion County Jail with credit for time already served.

DECISION

Garrett argues that the evidence was insufficient to support his conviction for battery. Specifically, Garrett alleges that the State failed to prove that he knowingly touched Callahan in a rude, insolent, or angry manner. The standard of review for such a challenge is well settled. "[W]e neither reweigh evidence nor judge witness credibility." *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* "We will affirm a conviction if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Id.*

To convict Garrett of Class A misdemeanor battery as charged, the State had to prove that he knowingly touched Callahan in a rude, insolent, or angry manner that resulted in pain to Callahan. I.C. § 35-42-2-1. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b).

The evidence supporting the judgment shows that Garrett was serving a sentence at Duvall and was required to follow its rules. Callahan testified that he attempted to complete a search of Garrett, and Garrett refused to let Callahan search a plastic bag.

3

Callahan further testified that Garrett fled the holding room where the search was taking place and, in doing so, forced his way through Callahan to exit the room, causing some scraping. Callahan stated that he chased and caught Garrett by wrapping his hands around Garrett's waist; Garrett was able to open another door, dragging Callahan through, scraping his arm and causing pain.

Garrett attempts to rebut this evidence by claiming he did not act with the conscious objective to touch Callahan and that Callahan initiated the touching, in essence claiming the right of self-defense. First, the State did not charge Garrett with intentionally touching Callahan. Therefore, they were not required to prove Garrett's conscious objective was to do so.

For Garrett's supposed self-defense claim to succeed, he had to show that he: (1) was in a place where he had the right to be; (2) did not provoke, instigate or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Sudberry v. State*, 982 N.E.2d 475, 481 (Ind. Ct. App. 2013). Of course, Garrett did not raise this during trial because the record clearly shows that the incident began with Garrett forcing his way out of the room while Callahan attempted to block the door. Thus, Garrett cannot show that he did not provoke, instigate, or participate willingly in the violence. Considering Callahan's testimony about the entire incident and the accompanying video, we find there was substantial evidence for the trier of fact to infer that Garrett was highly aware that his actions caused a touching in a rude, insolent, or angry manner causing injury. *See, e.g. Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind.

4

2009) (finding that trier of fact could infer defendant's "push or physical movement of disrespect" showing noncompliance, constituted touching).

Accordingly, we affirm Garrett's conviction for Class A misdemeanor battery.

Affirmed.

ROBB, C.J., and MAY, J., concur.